# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANGELICA RIVERA,<br><br>      Plaintiff,<br> v.<br><br>CITY OF PHILADELPHIA, et al.,<br><br>      Defendants. | CIVIL ACTION<br><br>NO. 18-2066 |

## MEMORANDUM RE: DEFENDANTS' MOTION TO DISMISS

**Baylson, J.**                              **August 3, 2018**

### I. Background

Plaintiff Angelica Rivera brings this action under 42 U.S.C. § 1983, alleging that, as a result of police misconduct, she was incarcerated for three months for narcotics and firearm offenses that she did not commit. (ECF 1, "Compl." ¶ 1).

Plaintiff alleges that Defendant Graham, together with Defendants Rich, Passalacqua, and Does 1-6,[1] improperly effectuated Plaintiff's arrest on November 3, 2011. (Id. ¶¶ 24-28). Plaintiff alleges that Defendants, all police officers at the time: (1) prepared police paperwork misrepresenting the events that led to Plaintiff's arrest, and (2) failed to provide exculpatory information they knew about Plaintiff's arrest. (Id. ¶¶ 31-33). According to the Complaint, without the false allegations, there would have been no probable cause for Plaintiff's arrest and prosecution. (Id. ¶ 35).

Plaintiff alleges that her bail was set for $20,000, and that she was unable to pay. (Id. ¶ 29). However, according to Plaintiff, her bail was reduced to $6,000 on January 5, 2012, and she

---

[1] It appears, based on the docket, that the only Defendants served thus far are the City of Philadelphia and Rich.

was thereafter able to pay her bail and secure her release. (Id.). Plaintiff was acquitted of all relevant charges on September 16, 2015, nearly four years after her arrest on November 3, 2011. (Id. ¶ 2)

According to the Complaint, between the time of Plaintiff's arrest in 2011, and her acquittal in 2015, Defendant Graham, a Philadelphia police officer, was the subject of federal and state investigations into police corruption. (Id. ¶ 7). In fact, Plaintiff alleges that in May of 2014, Defendant Graham failed a polygraph test regarding theft of monies during a 2005 police raid. (Id. ¶ 8). According to Plaintiff, on June 22, 2016, Defendant Graham admitted to the Internal Affairs Division ("IAD") of the Philadelphia Police Department ("PPD") that he lied during the polygraph test. (Id. ¶ 8). However, Plaintiff alleges that the PPD and Philadelphia District Attorney's Office concealed Defendant Graham's failed polygraph test from Plaintiff and her criminal defense attorneys during the pendency of her criminal case. (Id. ¶ 9)

Plaintiff alleges that, on October 28, 2016, PPD charged Defendant Graham with two offenses: (1) "Conduct Unbecoming," for engaging in the commission of a felony or misdemeanor (in connection with PPD's investigation into stolen monies), and (2) "Conduct Unbecoming" for lying or attempting to deceive regarding a material fact during the course of a PPD investigation (for lying about his role in stealing monies). (Id. ¶ 52). According to the Complaint, Defendant Graham was found guilty on all charges on March 8, 2017, as a result of which his employment with PPD was terminated. (Id. ¶ 11). The Complaint also alleges that, in March, 2018, the Philadelphia District Attorney's Office disclosed to the public a list of PPD officers deemed "not fit to testify in court." (Id. ¶ 11). Defendant Graham appeared on the list. (Id. ¶ 12).

Plaintiff alleges that "she only recently discovered that Defendant Graham was the target of investigations into police corruption and was on the District Attorney's 'Do Not Call' list." (Id. ¶ 57). Therefore, Plaintiff alleges that she "brings this civil rights action based on this newly discovered evidence." (Id.). Plaintiff filed her Complaint on May 17, 2018. (ECF 1).[2]

**II. Motion to Dismiss**

**(A) Parties' Contentions**

On July 17, 2018, Defendants Rich and the City of Philadelphia ("Defendants") filed a Motion to Dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF 2). The Motion to Dismiss contains only one ground for dismissal, contending that Plaintiff's lawsuit is barred by the two-year statute of limitations for § 1983 claims.

Plaintiff filed a response on July 25, 2018, agreeing that § 1983 claims are subject to a two-year statute of limitations but asserting that Plaintiff's statute of limitations "did not begin to accrue" until March 6, 2018, when Defendant Graham's name was released on the "Do Not Call" list. (ECF 3).

Defendants filed a reply brief on July 25, 2018, asserting that Pennsylvania's "discovery rule" would not apply to the instant situation because Plaintiff was able to detect her alleged injury—improper arrest—as early as November, 2011, when she was arrested. (ECF 4). Moreover, according to Defendants, to the extent that Plaintiff is asserting that exculpatory evidence was unfairly withheld from her, her acquittal means that she was not injured and thus cannot sustain her civil rights claim.

**(B) Legal Standard**

---

[2] All well-pled allegations in the Complaint are accepted as true. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 589, 127 S. Ct. 1955, 1985, 167 L. Ed. 2d 929 (2007)

In considering a motion to dismiss under Rule 12(b)(6), "we accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotation marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its fact.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, (2007)).

### III. Discussion

#### (A) Relevant Legal Considerations

Section 1983 does not provide a statute of limitations. "[T]he general rule is that when a federal statute provides no limitations for suits, the court must look to the state statute of limitations for analogous types of actions." Beauty Time, Inc. v. Vu Skin Sys., Inc., 118 F.3d 140 (3d Cir. 1997); Wilson v. Garcia, 471 U.S. 261, 276–80, (1985) (in section 1983 actions, federal courts apply the state statute of limitations governing actions for personal injury). Pennsylvania applies a two-year statute of limitations to section 1983 claims.[3] See Nelson v. County of Allegheny, 60 F.3d 1010, 1012 (3d Cir. 1995), cert. denied, 516 U.S. 1173 (1996).

While the statute of limitations period for section 1983 claims is a matter of state law, the accrual date for section 1983 claims "is a question of federal law that is not resolved by reference to state law." Wallace v. Kato, 549 U.S. 384, 388 (2007). Under federal law, a cause of action accrues, and the statute of limitations begins to run, "when the plaintiff knew or should have known of the injury upon which its action is based." Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998) (citation omitted); see also Montgomery v. De Simone, 159 F.3d

---

[3] This Court has diversity jurisdiction under 28 U.S.C. § 1332, and therefore applies Pennsylvania law to all substantive legal questions. Erie R. Co. v. Tompkins, 304 U.S. 64 (1938).

120, 126 (3d Cir. 1998). The determination of the time at which a claim accrues is an objective inquiry, focusing on what a reasonable person should have known. Barren v. United States, 839 F.2d 987, 990 (3d Cir. 1988). As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury. See United States v. Kubrick, 444 U.S. 111, 120 (1979).

The Supreme Court has explicitly addressed the point of accrual for claims based on allegations of false arrest, stating that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." Id. at 397. However, even though a § 1983 claim premised upon a false arrest accrues at the time the claimant is detained, such accrual may be tolled.

State law governs the issue of whether a limitations period should be tolled. Dique v. New Jersey State Police, 603 F.3d 181, 185 (3d Cir. 2010). Pennsylvania allows for the tolling of a limitations period based on the "discovery rule," which "exclude[s] from the running of the statute of limitations that period of time during which a party who has not suffered an immediately ascertainable injury is reasonably unaware he has been injured." Fine v. Checcio, 582 Pa. 253, 266 (2005). The discovery rule is appropriate for circumstances based on "the inability of the injured, despite the exercise of reasonable diligence, to know that he is injured and by what cause." Id. at 267. To the extent that an injured party does not know that he is injured, the discovery rule allows him to bring a claim starting from when he discovers the injury. See Ayers v. Morgan, 397 Pa. 282 (1959) (tolling statute of limitations for plaintiff's injuries resulting from the doctor leaving a sponge in his abdomen during surgery nine years

5

earlier). The circumstances under which the discovery rule can be invoked "depend on the nature of the injury." Lake v. Arnold, 232 F.3d 360 (3d Cir. 2000).

**(B) Analysis**

In the present case, it is clear that a two-year statute of limitations applies and that it began to accrue at the time that Plaintiff was incarcerated in 2011. Also clear is that the statute of limitations may not be tolled under the Pennsylvania discovery rule, based on the allegations contained in this Complaint.

Accepting Plaintiff's allegations as true, which the Court must at this stage, Plaintiff knew at least as early as the time she was acquitted in 2015 that she had been injured. Although Plaintiff alleges she obtained better evidence of Defendant Graham's improper conduct (related to a separate case) in March, 2018, that is not a valid basis for invoking the discovery rule to toll the relevant statute of limitations period, which only applies where it was "the latent nature of the injury that prevented [the claimant] from knowing of it." Lake, 232 F.3d at 367.

**Conclusion**

Therefore, for the reasons stated above, Defendants' Motion to Dismiss is GRANTED. All claims against Defendant Rich and Defendant City of Philadelphia are DISMISSED WITHOUT PREJUDICE. However, none of the other Defendants have filed a motion to dismiss, and thus cannot be dismissed from the case at this time.

An appropriate Order follows.